# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Scott Burris, | Case No. 2:20-cv-00999-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| First Reliance Standard Life Insurance Company, | |
| Defendant. | |

Before the Court is Defendant First Reliance Standard Life Insurance Company's ("FRS") motion seeking reconsideration of a prior discovery order (ECF No. 44). ECF No. 45. Plaintiff John Burris opposed and filed a supplemental opposition. ECF Nos. 47, 48. FRS replied and seeks to strike the second response filed by Plaintiff. ECF No. 49.

To place this Order in context, this Court previously issued a discovery order on June 2, 2021, and made rulings on whether FRS had to respond to 203 Requests for Admissions (RFA) and 48 Requests for Production (RFP) propounded by Plaintiff. ECF No. 44. The Court ordered FRS to respond to 58 RFAs and 10 RFPs. FRS now moves this Court to reconsider its ruling on 28 RFAs arguing that, based on the same rationale this Court previously employed, FRS should not have to respond.

**I.    PRELIMINARY ISSUES**

**A. "Objections within 10 days of this Order"**

Plaintiff argues this Court only allowed 10 days for Defendant to make objections. As a result, Plaintiff explains the instant objections are late and should not be considered. But Defendant is not lodging additional objections. Rather, Defendant is simply asking this Court to

reconsider its previous order issued on June 2, 2021. The instant motion was filed on June 18, 2021. As a result, the request is not untimely. *See* LR 59-1 (c) (stating that motions to reconsider must be brought within a reasonable time).

### B. Motion for Reconsideration

Plaintiff argues that this request does not fall within LR 59-1. The Court disagrees. LR 59-1 provides that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood." That is exactly what Defendant has done, explaining that, based on the same rationale this Court previously employed, the Court should not have required Defendant to respond to certain discovery requests.

### C. "Meet and Confer"

The Court understands there may not have been a perfect meet and confer. Nevertheless, it is not clear to the Court there was a need to do so. Defendant is simply asking the Court to reconsider the motion. It is not asking the Court to intervene in a dispute between the parties.

### D. Striking Second Response

Plaintiff supplemented its response without leave of court in violation of LR 7-2(g). The Court, in its discretion, will not strike this document. The Court admonishes Plaintiff that repeated violations of the local rules may result in adverse consequences.

## II. ANALYSIS

In cases involving the Employee Retirement Income Security Act of 1974 ("ERISA"), discovery typically plays a far more limited role because the primary purpose of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1472 (9th Cir. 1993) (internal quotations and citations omitted) (overruled on other grounds by *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006)). In addition, the appropriate scope of discovery in an ERISA case "is directly related to the standard of review employed by the Court." *Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 647 (E.D. Cal. 2009). Generally, district courts review an ERISA plan administrator's decision to deny benefits *de novo*, "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for

benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Under *de novo* review, the district court may consider evidence outside of the administrative record. *Abatie*, 458 F.3d at 970.

If the plan "does confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion," which is a "more lenient" standard of review. *Id*. at 963. Abuse of discretion review is typically confined to the administrative record. *Id*. at 973. Yet, the "court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Id*. In addition, in cases where procedural irregularities are alleged, typically the standard of review will be abuse of discretion unless the violations are flagrant. *Id*. at 972. When procedural irregularities are apparent in an administrator's determination, a court may consider extrinsic evidence to determine the effects of the irregularity. *Pac. Shores Hosp. v. United Behav. Health*, 764 F.3d 1030, 1041 (9th Cir. 2014). It may also take additional evidence when the irregularities have prevented full development of the administrative record. *Abatie*, 458 F.3d at 973. A failure to comply with procedural requirements ordinarily will not alter the standard of review unless the irregularities are substantial. *Id*. at 971 (explaining irregularities must be wholesale and flagrant for *de novo* review to apply).

Even when a plaintiff is entitled to discovery beyond the administrative record in an ERISA case, the plaintiff may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

When a party moves for a protective order, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

*Youngevity Int'l, Inc. v. Smith*, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). The party moving for a protective order has the burden of demonstrating good cause for its issuance. Fed. R. Civ. P. 26(c)(1); *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Youngevity Int'l, Inc.*, 2017 WL 2692928, at *3.

**A. RFA No. 194: "Please admit FRS represented that it delivered the entire AR to Plaintiff on or about April 16, 2020."**

Previously, the Court held that the answer to this question could shed light on (1) the effect of procedural irregularities, if any, on the determination of the case and (2) whether *de novo* review should apply. ECF No. 44 at 6.

FRS points out that RFA No. 194 requests information regarding events that took place *after* the determination was made. Specifically, Plaintiff seeks FRS to admit that it delivered the entire administrative record on or about April 16, 2020. Yet, the determination to deny benefits was made sometime in July 2019. Thus, FRS argues, the answer to this question is irrelevant as it would never provide information as to the *effect* of a conflict of interest or procedural irregularity on the final determination. In addition, FRS argues that even if the answer were relevant, the information can be derived from information already contained in the administrative record.

Plaintiff does not specifically respond to this RFA but generally argues that responding to this RFA imposes no burden on FRS.

The Court agrees with FRS. The answer to this question would not illuminate what *effect* any procedural irregularity would have had on the ultimate determination as the answer to this RFA concerns acts taking place *after* the decision was made in this case. The answer to this question will not shed light on the effect of this act on the final determination. Nor will the answer to this question aid in the development of an otherwise underdeveloped record. As such, this type of extrinsic evidence is irrelevant. Given the answer to this question is not relevant, it would be unduly burdensome for Defendant to respond. *See Walker v. City of N. Las Vegas*, No. 214CV01475JADNJK, 2017 WL 1395480 (D. Nev. Apr. 17, 2017). The same conclusion follows

if this information can be gleaned from the record. The Court consequently vacates the prior order as to RFA No. 194. FRS need not respond to this RFA.

**B. RFA No. 195: "Please admit that, on April 20, 2020, Plaintiff requested evidence that Plaintiff said was '*not* include[d]' in the AR provided by FRS." (emphasis in original).**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6.

FRS points out, once again, that RFA No. 195 requests information regarding events that took place in April of 2020, which is *after* the time the determination was made. Thus, FRS argues, the answer to this question is irrelevant as it would never provide information regarding the effect of a conflict of interest on the final determination. In addition, FRS argues that even if the answer were relevant, the information has already been provided to Plaintiff.

Plaintiff does not specifically respond to this RFA but generally argues that responding to this RFA imposes no burden on FRS.

The Court agrees with FRS that the answers to this question would not illuminate what *effect* any potential conflict of interest would have had on the ultimate determination, rendering the request irrelevant and, consequently, unduly burdensome. It is conceivable that FRS' admission that Plaintiff requested such information could aid in the development of the record. But FRS argues that this information can be gleaned from responses previously provided to Plaintiff. The Court consequently vacates the prior order as to RFA No. 195. FRS need not respond to this RFA.

**C. RFA No. 197: "Please admit FRS never told Plaintiff that FRS denied Plaintiff's position that FRS failed to include material evidence in the AR provided by FRS on approximately April 16, 2020."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA Nos. 195 and 196. The Court relies on the same rationale it did with regard to those RFAs in determining to vacate the prior order as to RFA No. 197. FRS need not respond to this RFA.

**D. RFA No. 198: "Please admit FRS never provided any evidence to Plaintiff in response to Plaintiff's request for information of April 20, 2020."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA Nos. 195 and 196. The Court relies on the same rationale it did with regard to those RFAs in determining to vacate the prior order as to RFA No. 198. FRS need not respond to this RFA.

**E.  RFA No. 200: "Please admit that, prior to this litigation, FRS never denied to Plaintiff (or anywhere in the AR) any of the statements made by Plaintiff in the emails of April 14, 2020 and April 20, 2020."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA Nos. 195 and 196. The Court relies on the same rationale it did with regard to those RFAs in determining to vacate the prior order as to RFA No. 197. FRS need not respond to this RFA.

**F.  RFA No. 201: "Please admit FRS consulted with one or more medical experts, in addition to the three Consultants, about Plaintiff's claim."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6.

FRS points out that the answer to RFA No. 201 can be derived from the presence or absence of documentation in the administrative record. Given this Court previously ruled FRS would not need to comply with requests of this kind, FRS requests that the same holding apply to this request.

Plaintiff generally argues that responding to this RFA imposes no burden on FRS and continues to argue that he needs an admission to this question to show procedural irregularities.[1]

---

[1] Of note, what Plaintiff characterizes as "procedural irregularities" keeps evolving. As noted in this Court's previous order, it appeared based on Plaintiff's First Amended Complaint that the procedural irregularity stemmed from FRS' untimely decisions. ECF No. 44 at 3. Now, Plaintiff claims there are many other factors constituting procedural irregularities.

It appears Plaintiff is attempting to get Defendant to admit that it never consulted with experts on CFS.

But as the Court stated previously, and as Defendant properly represents, "the absence of any such documentation . . . is all that plaintiff needs" to construct an argument that Defendant abused its discretion by, for example, not consulting with these doctors. ECF No. 44 at 5. To be precise, Plaintiff need only point to the administrative record and argue to the district court that FRS abused its discretion by not consulting with an expert in CFS. If Plaintiff believes this is the type of procedural irregularity that demands *de novo* review, then he can argue that to the district court by pointing the district court to the record before it. Plaintiff does not need FRS to answer that RFA in order to make his argument to the district court. If this information can be gleaned from the record, or its absence in the record, then it would be unduly burdensome to have FRS respond.

The Court consequently vacates the prior order as to RFA No. 201. FRS need not respond to this RFA.

**G.  RFA No. 202: "Please admit FRS consulted with an expert in CFS about Plaintiff's claim**."

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA No. 201. The Court relies on the same rationale it did with regard to RFA No. 201 in determining to vacate the prior order as to RFA No. 202. FRS need not respond to this RFA.

**H. RFA No. 203: "Please admit FRS retained a private investigator to investigate Plaintiff."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA No. 201. The Court relies on the same rationale it did with regard to RFA No. 201 in determining to vacate the prior order as to RFA No. 203. FRS need not respond to this RFA.

**I. RFA No. 228: "Please admit that, on July 20, 2019, FRS received Plaintiff's written request for confirmation that FRS would produce a current copy of the telephone recordings at FRS's earliest convenience."**

Previously, the Court held that the answer to this question could shed light on the effect of a conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. Defendant argues that the answer to this question can be found from its presence or absence in the administrative record. Plaintiff does not specifically respond to this RFA but generally argues that responding to this RFA imposes no burden on FRS.

The Court agrees with FRS that there is no need for FRS to respond if the answer to this question is already part of the administrative record. The Court consequently vacates the prior order as to RFA No. 228. FRS need not respond to this RFA.

**J. RFA No. 229: "Please admit that, on July 22, 2019, FRS confirmed that Plaintiff would receive (by mail) the information that Plaintiff requested."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 229. FRS need not respond to this RFA.

**K.  RFA No. 230: "Please admit that, on July 23, 2019, FRS received Plaintiff's written statement saying that Plaintiff will submit an appeal after Plaintiff receives the information he requested."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 230. FRS need not respond to this RFA.

//

//

//

**L. RFA No. 231: "Please admit that on August 2, 2019, FRS received Plaintiff's written statement representing that Plaintiff had not received the information—the two telephone recordings—that Plaintiff requested from FRS."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 231. FRS need not respond to this RFA.

**M. RFA No. 232: "Please admit that, on August 5, 2019, FRS told Plaintiff that FRS had reached out to FRS's IT department and was awaiting completion of the request to deliver copies of the telephone recordings."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 232. FRS need not respond to this RFA.

**N. RFA No. 234: "Please admit that, on August 19, 2019, Plaintiff again requested in writing the two telephone recordings from FRS."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 234. FRS need not respond to this RFA.

**O. RFA No. 235: "Please admit that, on August 19, 2019, Plaintiff stated that the information discussed during the initial interview of July 9, 2019 is material to showing that FRS's denial was improper."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 235. FRS need not respond to this RFA.

**P. RFA No. 236:** "Please admit FRS did not deny (in the AR) that the information discussed during the telephone call of July 9, 2019 is material."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 236. FRS need not respond to this RFA.

**Q. RFA No. 237:** "Please admit FRS did not deny (in the AR) that FRS promised to preserve and produce the recordings of the two telephone calls (July 9 and 19, 2019) as part of the AR."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 6. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 237. FRS need not respond to this RFA.

**R. RFA No. 238:** "Please admit that, on August 20, 2019, FRS stated, "I did look into the matter for you with our IT Dept. Unfortunately, this information is not available."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 238. FRS need not respond to this RFA.

**S. RFA No. 239:** "Please admit that, on August 20, 2019, after more than a month since Plaintiff's initial written request for the two telephone recordings, FRS stated for the first time: '[T]ypically telephone conversations are not considered part of your claim file . . . [.] If you are in disagreement with the above, you may include this as part of your appeal.'"

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 239. FRS need not respond to this RFA.

**T. RFA No. 240:** "Please admit that, on August 20, 2019, Plaintiff asked FRS to clarify whether Plaintiff needed a subpoena for the two telephone recordings, or that the evidence does not exist."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 240. FRS need not respond to this RFA.

**U. RFA No. 241:** "Please admit that, on August 20, 2019, FRS stated in response to Plaintiff's email (of August 20, 2019) that the evidence 'does not exist.'"

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 241. FRS need not respond to this RFA.

**V. RFA No. 247:** "Please admit that none of the FRS agents or Consultants have identified (in the AR) any statements of fact by Plaintiff regarding the July 9, 2019 or the July 19, 2019 telephone conference that are wrong."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. Defendant also argues that, to the extent the question seeks information outside the administrative record, it would be considered work-product. The court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 247. FRS need not respond to this RFA.

**W. RFA No. 256:** "Please admit that, after FRS learned from Plaintiff (on July 9, 2019) that Dr. Prince diagnosed Plaintiff's disability as Chronic Fatigue Syndrome, FRS did not confirm that information with Dr. Prince before issuing FRS's denial of July 22, 2019."

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the

same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 256. FRS need not respond to this RFA.

**X. RFA No. 257: "Please admit that, after FRS learned from Plaintiff about Dr. Fales's final diagnosis of Plaintiff's disability as Chronic Fatigue Syndrome, FRS did not confirm that information by contacting Dr. Fales by telephone or in-person before issuing FRS's denial of July 22, 2019."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 257. FRS need not respond to this RFA.

**Y. RFA No. 270: "Please admit none of the FRS agents or Consultants have stated (in the AR) that any of these statements in Plaintiff's appeal are incorrect . . . ."**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case. ECF No. 44 at 7. The arguments by the parties are similar to those presented with regard to RFA No. 228. The Court relies on the same rationale it did with regard to RFA No. 228 in determining to vacate the prior order as to RFA No. 270. FRS need not respond to this RFA.

**Z. RFA Nos. 196, 199 and 233 Relating to Dates**

Previously, the Court held that the answer to this question could shed light on the effect of conflict of interest, if any, on the determination of the case or procedural irregularities. ECF No. 44 at 6–7. Defendant argues the answers to these requests can be derived form a calendar. Plaintiff does not specifically address the argument. The Court agrees with Defendant. FRS need not respond to this RFA.

//
//
//
//
//

### III.   CONCLUSION

Given the discussion above, the Court finds good cause to reconsider its previous determination with regard to the RFAs discussed in this opinion. Additionally, the Court finds good cause to enter a protective order with regard to the RFAs discussed.

Accordingly, **IT IS ORDERED** that FRS need not respond to the RFAs discussed in this Order.

DATED: September 8, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE