1  Reuben H. Cawley
2  Nevada Bar No. 9384
   Utah Bar No. 10304
3  10040 W. Cheyenne Ave. Suite, 170-244
   Las Vegas, NV 89129
4  Office: (702) 882-3363
   Fax: (702) 964-1367
5  *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN SCOTT BURRIS, an individual, | Case 2:20-cv-00999-CDS-BNW |
| Plaintiff | **[First Request By Plaintiff]** |
| v. | **ORDER GRANTING [ECF NO. 73] LR IA 6-1 MOTION FOR EXTENTION OF DEADLINE FOR PLAINTIFF'S FINAL REPLY** |
| FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, | |
| Defendant | *Currently Due Jan. 17, 2023* |

Per LR IA 6-1, this is the first time Plaintiff has requested additional time to file a brief. Plaintiff's reply is currently due the first business day after January 14, 2023, which is Tuesday, January 17, 2023. Plaintiff requests a new deadline of **Monday, January 23, 2023** to file the reply to Defendant's Response (ECF No. 71), which Defendant filed several days after its deadline.

The local rule requires Plaintiff to "state the reasons" that additional time is needed, which the undersigned hesitates to explain in too much detail. Essentially, Defendant's Response—which was filed passed its own deadline—includes a large quantity of improper and inaccurate material that should not have been included, which has been unfairly burdensome.

First, the Response cites more than 50 cases, yet only one (1) of those 50 cases is from the 9th Circuit Court of Appeals after *Salomaa v. Honda Long Term Disability Plan,* 642 F.3d 666 (9th Cir. 2011), which is burdensome in part because the Defendant failed to identify which cases should be persuasive to fill any gaps in Ninth Circuit law. Defendant's Response also fails to identify which cases involved legal and medical standards applicable to CFS, which is critically important and has been for decades in the Ninth Circuit, i.e.:

> In cases involving chronic fatigue syndrome, **the Ninth Circuit** has held that **subjective evidence is important** because 'CFS does not have a generally accepted 'dipstick' test.'"

*Friedrich v. Intel Corp.,* 181 F.3d 1105, 1112 (9th Cir.1999).  Plaintiff submits that Defendant should <u>not</u> have copied and pasted string-cites from its years of multi-jurisdictional practice without sufficient explanations.

Next, some of the 50-plus cases are unpublished but <u>not</u> identified as unpublished or Slip Op. For example, Defendant cites at p.13:

> *Alvis v. AT&T Integrated Disability Serv. Ctr.,* No. 2:07-cv-00984-MCE-DAD, 2009 WL 1026030, *17 (E.D. Cal. Apr. 15, 2009) *aff'd,* 377 F. App'x 673 (9th Cir. 2010) ([parenthetical from lower court inserted here])

(ECF No. 71 at 13:13). However, the appellate court case cited above <u>is unpublished,</u> and the parenthetical appears nowhere in the appellate opinion. Other parentheticals are equally misleading for misstating the relevant point.

Next, the Defendant continues to assert and rely on too many verifiably <u>false</u> facts, which is unfairly time consuming.  For example, Defendant's Response newly (but falsely) questions the veracity of Burris's CFS symptoms, stating: "Similarly, the records contain no mention of sinus issues ... until June 14, 2019."  This is wrong.  Burris has been taking prescribed sinus medications since June 2017—years earlier—as shown in the AR submitted by the Defendant.  See, e.g., FRSJBAR0001251.

Additionally, the Response thematically (but improperly) relies on the new phrase "functional impairment," stated 14 times despite the phrase appearing nowhere in the Policy, or the Denials.  Remarkably, however, FRSICO's final Reply (ECF No. 72) concedes in a footnote that its "words '**functional impairment**'" are merely "a matter of word choice, **not meaning**."[1]  Truly. While this development limits Plaintiff's Reply burden, it came too late to avoid wasted time on the issue.

---

[1] This statement came later, in ECF No. 72, buried in a footnote, n8 (emphasis added).

Moreover, and perhaps most unexpected, the Response confusingly offers a new (and erroneous) quasi-diagnosis of Burris by the author of the Response, which is materially different from opinions by FRSICO's own mental-health experts (who made no diagnoses of Burris).[2] This new issue constitutes an admission that defendant finds Burris at least "partially disabled," which constitutes "total disability" under the Policy. Most notably, however, the improper new admission appears solely as an attempt to mislead the Court to preserve an argument that defendant waived as a matter of law.

Plaintiff has never encountered such a concentrated use of tactical devices that are inapt for federal court briefings. Plaintiff respectfully submits that, if the Defendant had filed its Response by the deadline, and if it had omitted all verifiably false statements, and omitted all inapplicable multi-jurisdictional cases, then this extension would likely be unnecessary.

For those reasons, the undersigned respectfully requests additional time to address the issues in his Reply more simply and concisely with a few more days.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: January 17, 2023

REUBEN H. CAWLEY, ESQ.
BY: _____
REUBEN H. CAWLEY, ESQ.
Nevada Bar No. 9384
Utah Bar No. 10304
10040 W. Cheyenne Ave, Ste. #170-244
Las Vegas, NV 89129
Office: (702) 882-3363
Fax: 702-964-1367
Email: rcawley.esq@gmail.com
*Attorney for Plaintiff*

---

[2] By citing to its own erroneous, impermissible, and self-serving supplement to the AR, FRSICO asserts "Burris's medical records suggest that he does **suffer** from both depression and anxiety," which is disputed. As stated in response, Dr. Fales admitted he was mistaken, and Burris's medical records suggest that Burris has never missed a moment of work due to either depression or anxiety—which were incorrect "preliminary" diagnoses. But the word "suffer," infers FRSICO does find Burris "partially disabled," for "depression and anxiety," for which FRSICO was obligated to pay Burris for up to two years and then separately litigate the dispute over whether FRSICO can limit Burris to two years based on the law and the facts—which FRSICO waived.