UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

John Scott Burris,

    Plaintiff

v.

First Reliance Standard Life Insurance Company,

    Defendant

Case No. 2:20-cv-00999-CDS-BNW

**Order Denying Plaintiff's Motion for Leave to File Excess Pages, Denying Defendant's Motion to Strike as Moot**

[ECF Nos. 77, 81]

  Plaintiff John Scott Burris moves to file an overlength reply brief. ECF No. 77. The brief in question replies to the response brief to Burris' motion for judgment, which this court construed previously as akin to summary judgment briefing. *See generally* Minute Order, ECF No. 65. This is the second time Burris has violated this district's local rules and asked for forgiveness post-hoc rather than seeking permission prior to the due date of the brief. *Id.* In contravention of a variety of local rules, Burris' reply brief adds a myriad of exhibits and is at least fifty pages beyond the page limit (not counting the screenshots of the brief's tables of contents or authorities attached as the brief's ninth exhibit). *See generally* ECF No. 78. Defendant First Reliance Standard Life Insurance Company opposes Burris' motion for leave to file excess pages because it has "consistently worked within" the local rules of this district and requests that I do not permit Burris the opportunity to reply at all. ECF No. 80 at 2. First Reliance also moves to strike the exhibits attached to Burris' motion, ECF No. 81, but I need not address their arguments for doing so as I strike the exhibits on other grounds.

  Because Burris' brief contravenes this district's rules designed to keep the course of litigation fair to all parties, I deny the motion to file an overlength brief and strike it from the record. Burris has seven days from today by which to file a brief conforming with the local rules.

I.      Discussion

First, I note that "whether to strike all or part of an overlength pleading is within the discretion of the court." *Beardshear v. Shilo Mgmt. Corp.*, 2008 WL 906748, at *1 n.1 (W.D. Wash. Apr. 1, 2008) (citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996)). The local rules of this district are explicit: "[r]eplies in support of a motion for summary judgment are limited to 20 pages." LR 7-3(a). Burris' brief is seventy-three pages long, although the final two pages, attached as Exhibit 9 to the brief, are the local-rules-mandated tables of contents and authorities for overlength briefs. *See generally* ECF No. 78. I have previously explained why exhibits count toward the page limit for replies in support of summary-judgment-type motions. *See Heegel v. Nev. Prop. 1 LLC*, 2022 WL 3229186, at *1–2 (D. Nev. Aug. 10, 2022). The local rules contemplate this scenario, as there is clearly "no carveout to the maximum of 20 pages" which would permit "limit-defying exhibits in replies in support of summary judgment." *Id.* This is because reply briefs are briefs to which the adverse party has little opportunity to respond; surreplies are not permitted without leave of court and generally discouraged. *Id.*; *see also* LR 7-2(b) (stating that "motions for leave to file a surreply are discouraged" in this district). Because Burris' brief and attached exhibits go well beyond the 20-page limit for replies in support of a motion for summary judgment, I strike the brief and deny the motion for excess pages.

Furthermore, Burris filed errata, ECF No. 79, which seem to be composed of his overlength reply brief *sans* exhibits. However, a "motion and supporting memorandum of points and authorities must be combined into a single document that complies with the page limits in LR 7-3." LR 7-2(a). Because I find that this rogue filing properly belongs with the reply brief, I too strike this document as nonconforming to the local rules.

Finally, First Reliance moves to strike the exhibits attached to Burris' motion as extrinsic evidence that I cannot consider at this stage of the ERISA proceeding. *See generally* ECF No. 81. I need not reach the merits of First Reliance's motion because I strike Burris' exhibits for the other reasons described above.

II. Conclusion

IT IS HEREBY ORDERED that plaintiff's motion for leave to file excess pages [ECF No. 77] is DENIED.

IT IS FURTHER ORDERED that plaintiff's reply brief [ECF No. 78] is to be STRICKEN from the record.

IT IS FURTHER ORDERED that plaintiff's errata [ECF No. 79] is to be STRICKEN from the record.

IT IS FURTHER ORDERED that plaintiff may refile a reply which conforms with this district's local rules to defendant's response on or before February 14, 2023.

IT IS FURTHER ORDERED that defendant's objections and motion to strike [ECF No. 81] is DENIED as moot.

IT IS SO ORDERED.

DATED: February 7, 2023

_____
Cristina D. Silva
United States District Judge